FILED
U.S. District Court
District of Kansas
6/11/2021

Clerk, U.S. District Court
By_____AA_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## ———— District of Kansas ————

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                    **CASE NO.**   21-6094-01-GEB

TRUMAN GENTRY,

        Defendant.

# COMPLAINT

**THE UNITED STATES ATTORNEY CHARGES:**

## COUNT 1

### Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a)

On or about June 8, 2021, in the District of Kansas, the defendant,

**TRUMAN GENTRY,**

knowingly used and coerced a minor, Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knowing such visual depiction would be transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and knowing and having reason to know that such visual depiction would be produced using materials that have been mailed, shipped, and transported in and affecting interstate or foreign commerce by any means, in violation of Title 18 U.S.C. § 2251(a).

## COUNT 2

### Sexual Exploitation of a Child – Production of Child Pornography
### 18 U.S.C. § 2251(a)

Between November 1, 2019 and December 31, 2019, in the District of Kansas, the

defendant,

### TRUMAN GENTRY,

knowingly used and coerced a minor, Minor Victim 2, to engage in sexually explicit

conduct for the purpose of producing a visual depiction of such conduct and knowing

such visual depiction would be transmitted using any means or facility of interstate or

foreign commerce and in and affecting interstate or foreign commerce, and knowing and

having reason to know that such visual depiction would be produced using materials that

have been mailed, shipped, and transported in and affecting interstate or foreign

commerce by any means, in violation of Title 18 U.S.C. § 2251(a).

## COUNT 3

### Advertising for Production of Child Pornography
### 18 U.S.C. 2251(d)

On or about June 9, 2021, in the District of Kansas, the defendant,

### TRUMAN GENTRY,

knowingly made, published, and caused to be made and published, a notice and

advertisement seeking , prints, or publishes, or causes to be made, printed, or published,

any notice or advertisement seeking and offering to receive, exchange, produce,

distribute, or reproduce, any visual depiction where the production of such visual

2

depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2251(d).

## COUNT 4

### Possession of Child Pornography
### 18 U.S.C. 2252A(a)(5)(B)

On or about June 10, 2021, in the District of Kansas, the defendant,

**TRUMAN GENTRY,**

knowingly possessed any computer disk and other material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)A), that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## FORFEITURE ALLEGATION

Upon conviction of the offenses in violation of 18 U.S.C. §§ 2251 and 2252A, as set out in Counts 1-4 of this Complaint, the defendant, **TRUMAN GENTRY,** shall forfeit to the United States of America, pursuant to 18 U.S.C. § 2253(a)(3), any and all property used or intended to be used in any manner or part to commit or promote the

commission of such offense of any property traceable to such property, including but not limited to:

a Samsung Galaxy S10, Model SMG973U1;

All pursuant to Title 18 U.S.C. § 2253 (a).

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this Complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.**

_____

JOHN V. FERREIRA, Special Agent
Homeland Security Investigations

Subscribed and sworn before me this ___11th___ day of June, 2021.

_____

THE HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge

4

# AFFIDAVIT

I, John V. Ferreira, am a Special Agent (SA) of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to the Office of HSI Wichita, Kansas. This criminal complaint is based on the following facts which were obtained from other duly sworn law enforcement officers based on their interviews and observations:

1) On June 10, 2021, the Kansas Internet Crimes Against Children (ICAC) Task Force (ICAC) received a lead from Detective J.B. Reid of the North Carolina ICAC relating to a subject, later identified as Truman Gentry, who was posting child pornography and requesting to trade for newly produced child pornography.

2) According to Det. Reid, he infiltrated a private Kik group on June 7, 2021. On  or  about June 8, 2021, at approximately 2023 hrs (Eastern), Det. Reid observed Kik user, "nothingshameful" (display name: Parody Catharsis) join the Kik group, having been invited by the owner of the group.

3) Within 11 minutes, "nothingshameful" posted a color video file, approximately 4 seconds in length.  The color video file begins by depicting a clothed, prepubescent male, approximately 2 to 3 years of age (Minor Victim 1), wearing what appears to be a white shirt, with thin blue stripes, and shorts that are blue in color.  An adult male's left hand can be seen in the area of the prepubescent male's waistband.  The adult male then pulls the prepubescent male's shorts and diaper away from the boy's waist, displaying the prepubescent male's genitals in a lewd and lascivious manner, i.e., focusing on the minor's exposed genitals and presenting the child's genitals to suggest availability for sexual activity.  The Kik user "nothingshameful" posted a phrase below the aforementioned video file which indicated a personal relationship with a 2 year old child. These postings where to the entire private group.

4) Det. Reid asked "nothingshameful" if he "played" with the child, and "nothingshameful" responded, "I don't personally but I'm open to requests for daughter content". When Det. Reid followed up regarding the relationship with the 2 year old child, "nothingshameful" responded, "Yes.  I don't play with [Minor Victim 1] but I'd take vids and shit if someone wanted to send me daughter stuff in return". Det. Reid asked, "What's your age preference" and "nothingshameful" answered, "3-13".   Det. Reid replied, "Nice range" and "nothingshameful" stated, "Not really interested in the mega vids and stuff people trade usually.  Looking for original content and personal experiences". These postings where to the entire private group.

5) On June 9, 2021, at approximately 1236 hrs (Eastern), Kik user "nothingshameful" posted, "Aight I'm heading out, if any of you wanna trade personal pics that aren't just boring Mega CP vids and link let me know. @nothingshameful". This posting was made to the entire private group.

6) Det. Reid also engaged "nothingshameful" in direct or private messaging (not to the entire Kik group), and asked, "What kind of stuff have you done before and what type of content you wanting?"  and "nothingshameful" answered, "Haven't done much except take vids of

[the child] But looking for any daughter content". Det. Reid asked, "Anything particular you're wanting with regards to a daughter?" The Kik user, "nothingshameful" answered, "I love seeing them with a cock for the first time. In their hand, mouth, ass, etc. But really and personal content is great. None of this mega stuff everyone has seen". Det. Reid asked, "You met anybody else real for trades of original stuff?" and "nothingshameful" replied, "Yeah just one so far". Det. Reid asked, "Anything good?" and "nothingshameful" described, "Eh not too bad, the girl was almost 2 I prefer 3-13".

7)     On June 9, 2021, Det. Reid submitted an Emergency Disclosure request to Kik for subscriber information associated with Kik user, "nothingshameful." Kik responded with subscriber information associated with Kik user, "nothingshameful", identifying an email address (which included Truman Gentry's name) and the user's IP address.

8)     On June 9, 2021, Det. Reid submitted an exigent to Cox Communications for the IP address associated witih "nothingshameful" and Cox Communications responded by identifying the subscriber as Truman B Gentry, at a specified residence in Augusta, KS.

9)     On June 10, 2021, HSI Special Agent John Ferreira applied for, obtained, and executed a search warrant at the residence of Truman Gentry, with the assistance of detectives from the Kansas ICAC. At the residence, investigators observed items (a boppy pillow, clothing and other background) visible in the video of Minor Victim 1 posted to the private group by "nothingshameful" (discussed above).

10)    On June 10, 2021, investigators located and detained Truman Gentry. In an interview, Gentry waived his Miranda rights and admitted to making and posting the recording of the 2 year old Minor Victim 1.

11)    Gentry also admitted to taking pictures and videos with his Samsung phone of a 15 year old Minor Victim 2, in the months of November and December of 2019.

12)    Gentry also admitted he used Snapchat to pose as a 19 year old to persuade and induce females as young as 12 years old to engage in sexually explicit conduct, including directing them to insert hairbrushes into their genitals, and recording and retaining the depictions of this conduct in an online storage account with Mega.nz.

13)    Gentry provided consent for investigators to access his online storage.

14)    Review of Gentry's online storage confirmed the presence of depictions of Minor Victim 2 from November and December of 2019. These depictions include a video of Gentry masturbating on the child's feet and two surreptitious video recordings of the child going to the bathroom, where the child's exposed genital area is the focus of the videos. Additional depictions of Minor Victim 2 included pictures where the Minor Victim 2 appears to be asleep as Gentry: a) pulls back or lifts clothing to reveal the child's chest and nipples; and b) takes several close-up picture of the child's genital area in an apparent attempt to capture images of the child's partially exposed genitals.

15)    Additional review of Gentry's online storage confirmed the presence of his Snapchat activity, including depictions of children (estimated to be between the ages of 12-15 years

based upon physical development) engaged in sexually explicit conduct, including masturbation, exposure of genitals, and the insertion of hairbrushes into their genitals.

16)     After Gentry's arrest, Minor Victim 2 disclosed to a family member, and later to investigators, that Gentry had taken pictures of Minor Victim 2 while she pretended to be asleep.

Based on the foregoing facts, there is probable cause to find Truman Gentry, residing in Augusta, Kansas, has engaged in violations of:

18 U.S.C. §2251(a), Production of Child Pornography, in relation to Minor Victim 1;

18 U.S.C. § 2251(a), Production/Attempted Production of Child Pornography, in relation to Minor Victim 2;

18 U.S.C. § 2251(d), Advertising for Production of Child Pornography, for his postings to the Kik group; and

18 U.S.C. §2252A(a)5)(B), Possession of Child Pornography, in relation to the content maintained in his online storage account.

JOHN V. FERREIRA, Special Agent
Homeland Security Investigations

Subscribed and sworn before me this _____11th_____ day of June 11, 2021.

HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge.

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                            CASE NO.

TRUMAN GENTRY,

        Defendants.

## PENALTIES

**Counts 1-3**

- Punishable by a term of imprisonment of not more than thirty years (30) years nor less than fifteen (15) years. If such person has a prior conviction under Chapter 110, 109A or 117, section 1591, section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the term of imprisonment shall be not more than fifty (50) years nor less than twenty-five (25) years. If such person has two or more prior convictions under chapter 71, chapter 109A, chapter 110, chapter 117, or section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to the sexual exploitation of children, the term of imprisonment shall be not less than thirty-five (35) years nor more than life. 18 U.S.C. § 2251(e).

- A term of supervised release of not less than five (5) years and up to life.  18 U.S.C. § 3583(k).

- A fine not to exceed $250,000.00.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person.  18 U.S.C. §3014(a)(3).

- An assessment of not more than $50,000.00. 18 U.S.C. § 2259A(a)(3).

## Count 4

- Punishable by a term of imprisonment of not more than twenty years (20) years, and if such person has a prior conviction under Chapter 110, 109A or 117, section 1591, section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the term of imprisonment shall be for not less than ten (10) years nor more than twenty (20) years**.** 18 U.S.C. § 2252A(b)(2).

- A term of supervised release of not less than five (5) years and up to life.  18 U.S.C. § 3583(k).

- A fine not to exceed $250,000.00.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person.  18 U.S.C. §3014(a)(3).

- An assessment of not more than $17,000.00. 18 U.S.C. § 2259A(a)(3).